IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHEILA FOSTER, *Individually and on Behalf of the Estate of Garrett Foster and Stephen Foster*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-598-RP |
| UBER TECHNOLOGIES, INC. and DANIEL SCOTT PERRY, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is a motion to dismiss filed by Defendant Daniel Scott Perry ("Perry"). (Dkt. 26). Plaintiff Sheila Foster ("Plaintiff") filed a response, (Dkt. 27), and Defendant filed a reply, (Dkt. 28). Having considered the parties' briefs, the record, and the relevant law, the Court will deny the motion.

## I. BACKGROUND

This case arises out of the fatal shooting of Garrett Foster ("Foster") on July 25, 2020, at a Black Lives Matter protest in Austin. (Compl., Dkt. 1-3, at 3). Plaintiff is the biological mother of Foster and brings suit individually and on behalf of his estate. (*Id.* at 4). She alleges that Foster was peacefully protesting at the Black Lives Matter rally when Perry—who was driving for Uber at the time—revved his car engine to intimidate the protestors and accelerated quickly towards them. (*Id.* at 3). According to the complaint, when Foster asked Perry to slow down, Perry lowered his window and shot Foster four times. (*Id.*) He died on the street minutes later. (*Id.*).

Plaintiff filed suit on May 18, 2022. (*Id.* at 2). On June 20, Defendant Uber Technologies, Inc. removed the case to federal court. (Notice, Dkt. 1). On September 22, 2022, Perry filed a motion to dismiss, arguing that he had not been served properly under the requirements of Texas's

long-arm statute. (Mot. Dismiss, Dkt. 19). On October 5, the Court held an initial pretrial conference, where Plaintiff stated that she would be filing an amended complaint to redress any potential jurisdictional issues alleged in Foster's motion. (Minute Entry, Dkt. 23). Neither Perry nor his counsel appeared at the conference. That same day, Plaintiff filed a motion for leave to amend, which the Court granted. (Mot., Dkt. 24). The next day, Perry then filed an amended motion to dismiss, arguing that (1) the statute of limitations had passed and the complaint did not relate back because the original complaint was a nullity, and (2) he had still not been served properly.

## II. LEGAL STANDARDS

The Federal Rules of Civil Procedure allow a defendant to assert lack of personal jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(2). On such a motion, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue "by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.*

But when, as here, the Court rules on the motion without an evidentiary hearing, the plaintiff need only present a *prima facie* case that personal jurisdiction is proper; proof by a preponderance of the evidence is not required. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008). Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* Nevertheless, a court need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam).

## III. DISCUSSION

Perry's motion turns on two key issues: (1) whether an amended complaint may properly relate back to an original complaint which lacked personal jurisdiction, and (2) whether Perry has

since been served properly. The Court will first address whether Perry has been properly served before discussing whether the complaint may relate back.

### A. The Long-Arm Statute

In his motion, Perry argues that while the long-arm statute authorizes the Texas Secretary of State to serve nonresident individuals, it requires the secretary of state to "immediately mail" a copy of the service to the nonresident defendant. (Mot. Dismiss, Dkt. 26, at 6). Because the Secretary of State waited 31 days to mail the notice of service, Perry contends that the strict requirements of the long-arm statute were not met. (*Id.* citing Tex. Civ. Prac. & Rem. Code 17.45(b)).

Perry cites no cases to suggest that a 31-day delay violates this requirement. Plaintiff alleges that "there is no such case in Texas." (Pl.'s Resp., Dkt. 27, at 6). Moreover, as Plaintiff notes, such a holding would lead to absurd results. It would prejudice all plaintiffs for a factor that is entirely beyond their control. The reading would allow the Texas Secretary of State to unilaterally void cases—including those removed to federal court—simply by waiting to mail the notice of service. Nor does the Texas long-arm statute contain a strict time limit that renders service ineffective. Finally, Perry claims no prejudice as a result of this 31-day delay.[1] A minor administrative delay from the state government, which was beyond Plaintiff's control and causes no harm to Perry, does not justify dismissing Plaintiff's claims. Accordingly, the Court will deny Perry's claim of improper service.

### B. Whether the Complaint Relates Back

The Court next turns to whether the amended complaint may relate back to the original complaint. As a matter of notice, neither party disputes that the amended complaint relates back to Plaintiff's original petition. (Mot. Dismiss, 26, at 4; Pl.'s Resp., Dkt. 27, at 4). Instead, Perry's motion

---

[1] Indeed, the requirement to "immediately" forward a notice of service likely benefits plaintiffs, not defendants, as it allows the former's claims to proceed expeditiously.

argues that, because the first complaint lacked sufficient allegations of personal jurisdiction, an amended complaint cannot relate back to it. (Mot. Dismiss, Dkt. 26, at 4–7). Plaintiff, meanwhile, argues the exact opposite—that the complaint can relate back regardless of any personal jurisdiction defects in the original complaint. (Pl.'s Resp., Dkt. 27, at 4–5).

The Fifth Circuit has repeatedly held that the sort of jurisdictional arguments asserted by Perry do not hold. The Fifth Circuit, dealing with a similar situation where an original complaint lacked subject-matter jurisdiction, held that the amended complaint could still relate back because proper notice had been given. *Texas Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 407 (5th Cir. 2008) ("The DHHS's contention that the district court was without subject matter jurisdiction when the Appellants initiated this suit, and that there is therefore nothing to which the amended complaint can relate back, is a non-starter."); *see also Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 776 (5th Cir. 1986) (noting that a plaintiff may amend to correct a "formal" rather than "actual" jurisdictional deficiency). As the Supreme Court has noted, "The linchpin is notice, and notice within the limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986). Plaintiff timely notified Perry of the complaint, and Plaintiff's pleading deficiencies regarding personal jurisdiction do not render this notice void.

Under the Federal Rules, Plaintiff's amended complaint meets the requirements to relate back. Rule 15(c)(1) allows a pleading to relate back when "(A) the law that provides the applicable statute of limitations allows relation back; [or] (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15(c)(1). The claim here—that Perry committed assault and criminal homicide—is set out in both the original and amended pleading, so it relates back under Rule 15(c)(1)(B). Rule 15 makes no exception for personal jurisdictional defects in the original complaint, and Perry's unsupported argument that the original complaint is a "nullity" is thus

unavailing. In his motion, Perry relies almost exclusively on one case—*Gomez v. TWIA*, No. 13-04-598-CV, 2006 WL 733957 (Tex. App.—Corpus Christi, Mar. 23, 2006). (Mot. Dismiss, Dkt. 27, at 4–5). First, this case comes from Texas state court, and is thus inapplicable to the instant case, governed by the federal rules of civil procedure as to whether a complaint relates back. More problematic, Perry quotes the case's *dissenting* opinion without ever noting that he is quoting from the dissent, potentially misleading the Court. (*Id.*). In fact, contrary to Perry's motion, the majority opinion in *Gomez* found that there was personal jurisdiction—cutting directly against Perry's argument. *Gomez*, 2006 WL 733957, at *3.

Finally, existing caselaw also supports a finding that Plaintiff's complaint relates back. Courts regularly allow a complaint to relate back when a defendant was not served within the statute of limitations (such as when the incorrect party was named) so long as the defendant is timely notified. *See, e.g.*, *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006) (listing cases). Likewise, the advisory committee's notes to the 1991 amendments to Rule 15(c) lend support to this conclusion. The committee noted, "If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification." Fed. R. Civ. P. 15 advisory committee's note (1991 amendment) (emphasis added). Here, the alleged deficiency is the timing of the Secretary of State's mailing, which is precisely the sort of "formal defect" that amended pleadings may correct. Accordingly, the Court finds that Plaintiff's amended complaint relates back to the original, and thus falls within the applicable statute of limitations period.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Perry's motion to dismiss, (Dkt. 26), is **DENIED**.

**SIGNED** on January 5, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE